Good morning, and may it please the Court. My name is Paul Sheinhardt. I'm appearing today on behalf of the appellants. This case presents a rather interesting set of issues regarding the law-fact distinction and how that ultimately plays out with respect to the respective roles of judge and jury. This is a copyright case and relates to issues of work-for-hire ownership and implied license. Each of those two issues is an issue that is familiar to this Court. This Court in JustMed v. Bice held that work-for-hire ownership or stated that work-for-hire ownership is a matter of law review de novo. This Court in Asset Marketing v. Gagnon considered an implied license and found that it defied logic under circumstances relatively similar to those here for there not to have been an implied license in the case. Yet the Court below, when it came time to actually review the evidence, in appellants' view, abdicated its responsibility to do so. Appellants had understood that both issues So how do you get over the fact that your clients requested that the jury be instructed on work-for-hire doctrine and implied license? Ultimately, you are correct that my clients did request that instructions on the issues of work-for-hire and implied license be included in the jury instructions. But they did not request that a verdict line item be included for it. And during the charging conference with the judge What's the purpose of having those instructions included? Because ultimately, this is an issue that was before the Court. The Court was trying the issues. There were bench issues and jury issues simultaneously. Wasn't the intent to have the jury decide those questions? Ultimately it was to have the jury consider those questions, yes. It seems like in the district court, and it was over the objection of Sofketeers and the judge found for you and included and sent it to the jury. The judge included the instructions. I would not say it's the same as sending it to the jury as the jury was not charged with issuing any verdict on the issue. They didn't have to answer a specific question on the form, but under the instructions, if they had applied either the factors for work-for-hire or for an implied license, then they should have rendered a defense verdict if they agreed with your view, correct? No, Your Honor. As to the issue of copyright infringement, the jury was instructed, and this was final instruction 35, which you can find in the record at two excerpts of record 219. The jury was instructed that it may in fact assume ownership and need not actually otherwise consider other things based on the copyright registrations that it issued to Sofketeers. When there is a jury instruction inviting a jury to assume an issue of ownership, then the jury need not consider other jury instructions that would give opportunities for ownership to rest elsewhere, even if that ultimately would be the correct decision. Would you agree that if there was a special verdict form for the jury to say, you know, do you find work-for-hire doctrine, do you find implied license, then you have no argument now? I would say we have no argument with respect to whether it was a bench trial on the counter And I think that is actually a Such arguments like the amount of award and those kinds of arguments or No, Your Honor, because the judge failed in his substantial evidence review of what he implied as a jury verdict. As this Court held in just Wait, wait. I'm confused. If I understood Judge Bumate's question to be, if the jury had specifically been asked, is this a work-for-hire, yes or no, and had answered that, that you would no longer have the argument that you're making about work-for-hire. And I understood it that way, Your Honor. Okay. And I'm acknowledging that I would no longer have an argument that the judge should have issued Rule 52 findings of fact from a bench trial. But if You would agree then it's no longer, it's not a legal question. It's a fact question that should have been reviewed for substantial evidence. Not quite, Your Honor. At that point, it would be a mixed question of law and fact. It is still a question of law that is up to de novo review as to the ultimate consideration. Except, you know, you or I don't know if you were trial counsel, but at some point, whoever it was counsels in arguing about the jury instruction said not providing the read factors to the jury would prohibit them from considering the appropriate principles to make a work-for-hire determination which is in their province. Now, I'm ending the quote there. So you made the argument to the district court that it's a jury question, not a judge question. Your Honor, I don't believe the statement that you have identified actually disputes that work-for-hire ownership is ultimately a question of law. And that is where I say that this is ultimately It says it's in the jury's province. The work-for-hire determination is in the jury's province. That's what this, that's what was said to the district court. There are other mixed questions of fact and law that are frequently presented to juries for decisions and not even viewed as advisory verdict decisions. For example, also in the issue of copyright or in the province of copyright, the issue of fair use is frequently put to juries in the first instance for resolution. And the Supreme Court has seen nothing wrong with that. That is in the case of Google versus Oracle, where the court actively considered how do we address this? Is it appropriately within the province of the jury to consider it? But then on review, how is it to be considered? Ultimately, the court said it was fine for that to have gone to the jury, but it remains a mixed issue of law and fact. And on review of the jury's determination, the court needed to consider the ultimate question of law de novo, reviewing the underlying facts for substantial evidence. As far as I'm aware, this court has only considered that issue once since Google versus Oracle. That is in a non-precedential decision in divine dharma, which we say in our yellow brief. In divine dharma, embracing what the Supreme Court had said in Google versus Oracle, this court took up a jury's decision on the issue of fair use and went through factor by factor, rendering its own independent conclusions as to the factor, its own independent weighing of those factors to come to the ultimate result, but in the process, granting appropriate deference to the underlying findings of fact that the jury may have made effectively implied findings. What would that look like in this case? What should the district court have done? What the district court should have done would be to consider, in fact, all 13 of the read factors as opposed to only 5 or 6. And I say 5 or 6 because it is not completely clear in pages, I believe, 12 through 14. But how would that have given respect to the jury? Because this court in Asset Marketing versus Gagnon, relying on the Supreme Court's decision in Nationwide Insurance versus Darden, decided that all of the incidents of the party's relationship must be considered. It is not simply a function of a few of the factors, but the totality of circumstances must be considered. And a substantial evidence review is not just a review of facts or implied facts that may be in favor of the non-moving party. The district court is still obligated to consider facts that were uncontroverted or unimpeached that may be in favor of the moving party. I want to ask you another question, and it's a little late in your argument in the sense that earlier I thought you said, and I may be mistaken about this, that instruction number 35 told the jury that there was ownership and that, therefore, there was confusion about whether they had to decide work for hire. Is that what you were arguing, or did I misunderstand? Jury instruction 35 did not tell the jury that there was ownership, but told the jury that they may assume ownership. The exact statement is, from these certificates you may, but need not, conclude that Sofketeer's owns. So that's not an assumption. It just describes, okay, I don't understand how that reduces their need to have considered all the other instructions or changed the way they would review the instruction on work for hire. If a juror is permitted to conclude without more that Sofketeer's owns copyrights on the basis of copyright registration certificates, then the juror no longer has an obligation to consider work for hire ownership or other countervailing factors. Do you all preserve objections to jury instructions? Material ways here? None that are relevant to this appeal, Your Honor. Okay. And then I'm struggling with this. If I'm a juror, and I read number 35, I'm not going to say, I may conclude that Sofketeer's owns the copyrights. And then the judge is giving me these instructions on everything else, including work made for hire by an employee and an implied license. Why is the judge telling me those things? Because the juror might also conclude otherwise. But the jurors were expressly entitled under instruction 35 that they could conclude without having to get to other things that the certificates were dispositive. That sounds to me like the kind of problem that should have been fixed in the district court if you needed clarification, and you didn't. Perhaps, Your Honor, ultimately, yes. We can't, unfortunately, go back in time. But at this point, even if we are to assume that the issue was put to the jury, even if we set my opening argument aside, we still end up with the issues of what is the standard on substantial evidence review under Rule 50 and what is the standard under Rule 59. Each of those rules require a judge to consider the entirety of the circumstances here. As to Rule 50, it is to consider the entire circumstances, as the Supreme Court in Darden and this Court in Justmed said, as to the read factors. And as to Rule 59, a court is still obligated to consider the entirety of the record in determining whether the clear weight of the evidence goes against the verdict. Here, there is nothing to suggest that the Court ever considered the entirety of the record on Rule 59. Or on Rule 50, the Court makes no mention or discussion of many of the factors, and the Court does not even consider any evidence that was uncontroverted or impeached but in favor of the appellants. Go ahead. Can I ask you a couple of questions about things you have not talked about yet? One, the jury also found trade secret misappropriation, right? Yes, Your Honor. Is there any challenge to that? There is, only to the extent it is subordinate to the copyright claims. If, ultimately, the appellants, or Regal in particular, is found to be the work-for-hire owner, or if Regal is found to be an implied licensee, then the trade secret misappropriation claim dissolves. With respect to the post-trial royalty question, was there any, what was the clearest indication I guess in the trial that the jury was being asked to basically include the rights going forward in a one-time license in its verdict? The jury was not expressly asked to consider a license going forward. To the contrary, the question is, what did the jury's award represent? Here, the only evidence That's why I'm asking you, what's the clearest indication that supports your view that it included a license going forward? And to us, the clearest indication of that is the testimony itself by the damages expert put on by Sofketeers, which was only modeling damages in the form of a lump sum one-time payment. And if there was a lump sum one-time payment, then that would necessarily provide an ongoing royalty thereafter. Do you want to reserve some time for rebuttal? If I may, please. Thank you, Your Honor. Good morning, Rex. Sears on behalf of Plaintiff Appellee Sofketeers. May it please the Court. The loser in a jury trial generally has two choices. You attack the verdict on the law by challenging the jury instructions, or you attack the verdict on the facts by denying the sufficiency of the evidence. Here, appellants go a different route. Here, appellants say that something was left undone following the jury's verdict, and that is, as the panel has honed in on, according to appellants, the district court was supposed to go back over the evidence again and reach its own conclusions on work-for-hire and implied license without regard to the verdict. Appellants have tapped into two different lines of authority to support this proposition. As we've shown, one of those lines, the primary line that they've relied on up until their reply brief on appeal, relates to bench trials. In a bench trial, the district court does not instruct itself on the law the way it instructs a jury, and so there are no instructions to review on appeal, and so instead, a court of appeal reviews the district court's conclusions of law de novo. This is the Just Med v. Bice case that counsel was referring to. That was a bench trial. That does not apply here. So on reply, appellants pivoted to a different line of authority, the Google line of authority. Under this line, where a mixed question of fact and law involves primarily legal work, appeal review is de novo. Google held that fair use, at least under the facts there presented, is an issue that primarily involves legal work. This is not a fair use case. This is a common law of agency case, and on that issue, we already have the Baker v. Texas and Pacific case out of the Supreme Court. We have the Knight v. Suny case out of the Second Circuit. We have the Johnson v. Wyandotte County case out of the Tenth Circuit that all say common law agency issues are properly sent to a properly instructed jury. Baker, for example, says that the issue, quote, contains factual elements such as to make it one for the jury under appropriate instructions. That's 359 U.S. 227 at 228. Baker, of course, is one of the jurors for its common law of agency approach, and I learned something else from Baker while preparing for today. As authority for that statement that I just quoted, Baker cites restatement of agency, second, section 220, comment C. I went and read that comment. That comment says that the factors stated are all considered in determining the question, and it is for the triers of fact to determine whether or not there is a sufficient group of favorable factors to establish the relation, which is exactly the question that counsel is arguing the judge should take responsibility for. So what we have is we have the restatement saying what I just quoted. We have Baker following the restatement, and we have Reed following Baker. There is no reason to suppose that Reed contemplated anything other than the Baker approach, where because there are factual elements, this is an issue that is one for the jury to make under appropriate instructions. A couple other observations on a couple other cases. Appellants have placed some weight on the Jules Jordan case, where the jury returned a verdict with an implied finding of no work for hire. The district court judge granted JNOB, and this court reinstated the jury's verdict. Of course, that pattern by itself does not support appellants because that goes back to the jury's verdict. But appellants have latched on to the fact that this court's opinion in Jules Jordan includes the words, we review de novo whether the films were works for hire. That is a correct statement of the standard of review in that case because there was a JMAL ruling that was being reviewed. And this court did not follow that statement in the manner that has been suggested. This court did not follow that statement by conducting its own weighing of the Reed factors, as appellants propose. Instead, this court went on to give other reasons that had nothing to do with the weighing of the Reed factors, why it was fair for the district court to set aside the jury's verdict. In the last case I wanted to mention on this issue, the Kirk v. Harder case out of the Eighth Circuit, appellants in the reply brief say that on de novo review, the Eighth Circuit flipped the jury's verdict. Not so. Page 1007 of the Kirk v. Harder decision says that in a court-tried case, the findings regarding each of the underlying common law factors are reviewed under the clearly erroneous standard of review, with the ultimate question of employment status being reviewed de novo. But then, recognizing that it had a jury verdict before it, this was not a court-tried case, the court went on on page 1008 to say, we need not dwell on the degree of deference that should be shown to the jury's findings regarding the Reed factors, for we conclude that the evidence compels a determination that Harder was in fact an independent contractor and not an employee. So, no, Kirk v. Harder did not apply de novo review to flip the jury's verdict. Kirk v. Harder said, whatever standard of review we were to apply to the jury's verdict, we would have to reverse. Sears, as I understand the way this shook out at trial, your client was taking the position that these key issues of work for hire and implied license should not go to the jury. Correct. You lost on that, and that takes us into this cluster of doctrines. I'm wondering if you can help us sort out the differences among judicial estoppel, invited error, forfeiture, and waiver. So starting off with judicial estoppel, we are saved by the fact that we lost below. That is, the prevailing party is held to what the prevailing party advocated, the losing party is not. And two other notes there. One, we never contended that there should be two trials of the issue. We never argued that there should be a jury trial and then the bench should take a fresh look at it. What we did say is, and we were, we had latched on to the same language that appellants latched on to. We hadn't done the deeper dive to see where those cases lead to, but we just said, oh, there's this case that says it's an issue of law. So instead of sending this to the jury, let's try this to the court. Is that a satisfactory answer on estoppel? Is there anything further? That's enough for now. Can you tell us where you think the jury's number came from? Which one? For copyright infringement, 1.935? Yeah. It was between the parties' numbers. Classic verdict, classic jury verdict. We put out one number, 2.25 million. They put out another number. I want to say some hundred thousands of dollars. It may have been $50,000 and the jury came back with a number in between. On this notion of that being a fully paid up prospective license, though, the reason that the damages presentations were so clear that the damages experts were talking about through trial is because appellants objected to our evidence that we wanted to put on of what would have been post-trial profits. That objection was sustained. So as a result, we know that the jury's verdict contains no post-trial profits award. And it also effectively cabined how all the other evidence was presented. And so it made sure that everybody was real clear in what they were asking and what they were saying that we're talking about damages through trial. Yeah. So can I ask, if your friend is correct that the district court should have ruled on the counterclaim as a matter of law, what would have actually happened? So you have a jury verdict going one way and then the counterclaim going the other way. What actually happens? That's why I don't think it can be done because there would be a direct conflict. And we know that where there are overlapping issues between a jury verdict and a bench trial, the jury verdict comes first and the jury verdict controls. And so it's precisely because the law will not tolerate that outcome that there was no room for the court to do that. Is there any case that has addressed that? Has that ever happened? We have cited several cases for the proposition that jury trial comes first and then there's deference and then the jury trial verdict controls. Let me see if I can find those. It's your brief. I can find it. All right. I think the relevant section starts at page 27 of our brief, our first brief, so the second brief on cross-appeal. Can I ask you a couple of quick questions about the cross-appeal? Can you direct us to any Ninth Circuit cases reversing decisions not to award contempt sanctions? As I stand here, no. And if I didn't cite one in my papers, then I'm pretty sure I'd have to answer as well. If we were to disagree with you, or if we were to agree with you, rather, and remand on the contempt issue, what do you think would be an appropriate remedy at this point? At this point, really, the only effective remedy that might be available is an award of attorney fees under the authority of Goodyear v. Hager, the Supreme Court case that says where there is contempt, one permissible remedy is attorney fees that were caused by the contempt. Don't you get attorney fees from prevailing already? No. The copyright registrations were not made until after the infringement started, so we don't get attorney fees there. And we don't get attorney fees under the trade secret statute because the jury did not find willfulness on that. The bulk of the argument at trial was, hey, even if this is not ours, we thought it was ours, so please do not find we're willful. That's why we wanted to put in the preliminary injunction into evidence and say, it doesn't matter whether you thought the software was yours. You knew you had no right to it because the court said you shouldn't have it. And so that's why we don't think the jury's verdict of no willfulness should be the final word. They did not have that critical piece of evidence. Let me just, on the post-trial remedy, just because there were some questions raised about how that was calculated, where that number comes from. The amount was calculated at $2,005 a day for two years. That daily amount was calculated by taking the jury's award of $1.935 million, dividing it by the number of days from the beginning of infringement to the definitive verdict. That's how you get to $2,005 a day, and you get to two years based on testimony that that's how long it would take to replace the software. And then as for how this number was selected as the appropriate amount to be awarded, Judge Holcomb called us in when we'd filed our motions addressing his destruction order. He called us in and said, all right, I'm going to take your motions under advisement, but meanwhile, Mr. Shainhart, Mr. Sears, I want you to go down the hall and talk to Judge Early and see if you guys can work something out. And the parties came back from that with a stipulation that said we have agreed to $1,463,650 in lieu of the destruction order. The parties had agreed to that. So the district court did not select the number, the parties did. And the appellants agreed to it in lieu of a destruction order. In our mind, you couldn't ask for better proof that it was therefore a reasonable approximation of what they would have been willing to pay to continue using the software. Now, appellants say we agreed not to say this. No, we agreed that appellants did not waive the right to make their argument. And I'm not here saying that they waived their argument. I'm just pointing out that it's a really, really bad argument. Are there any, excuse me, we haven't talked about implied license. I don't know if there's anything there. I think we're good on the issues. Okay. All right. Thank you. Thank you very much, counsel. If you could address the conflict, if you're right that, you know, the trial jury, you know, assuming that we agree that the district court handled the JMAL properly, but they should have handled the counterclaims differently, what are you to do with the conflict of judgments there? I would actually agree with Mr. Sears on that. If ultimately this is found that the jury decided the issue of work for higher ownership, if ultimately the judge was correct in his substantial evidence and Rule 59 review of that, then that resolves the counterclaims. I don't believe there is a dispute on that. If I could turn back just briefly to a few of the items that my colleague raised. Mr. Sears pointed to our reliance on Jules Jordan video. We have noted that Jules Jordan video did come to this court after a finding of JMAL after a jury trial, similar generally in that way to this. Jules Jordan did not expressly discuss in any length how the standard of review is to operate, but did say that we review the issue of work for higher ownership de novo. Mr. Sears suggests that that was just a statement of generally this Court's standard of review over decisions on JMAL. Here it's notable that the case to which this Court cites, though, is not a case of this Court generally on application of the JMAL standard of review. Rather, it is the Second Circuit's decision in Ames v. Bonelli, which is a Second Circuit's decision in Ames v. Bonelli, which is ultimately a question of law with underlying questions of fact. The Second Circuit has repeatedly reiterated that statement, and this Court has relied on it from time to time. Mr. Sears would suggest that somehow the law-fact distinction is different when we're coming out of a bench trial versus out of a jury trial. I see no basis for that. Ultimately, the issue of work for higher ownership is either a mixed question of law and fact or it's a pure question of law or a pure question of fact. It's one of the three. That doesn't vary based on who your fact-finder is at any given time. And to the best of my knowledge, every single Court in this country that has ever ruled on whether work for higher ownership post-reed is a question of law or fact has viewed it as a question of law. The only thing that is a question is whether there are underlying questions of fact. It would appear the prevailing view is that it is a mixed question of law and fact, although not all circuits have weighed in and not all of the Court's decisions have been clear. Accordingly, in our view … Roberts. So if you're saying it's a mixed question of law and fact, then the district court handled the JMAL wrong. Sears. Regardless, the district court handled the JMAL wrong. Even if it was a pure question of fact, the district court was still obligated to consider all of the factors and whether sufficient evidence supported all of them. This Court's decision in Gray v. Hudson requires the court on JMAL to consider not just evidence favorable to the non-moving party, but in fact, uncontroverted evidence favorable to the moving party. Roberts. And I know that you want to wrap up your time. Sears. With that, we would respectfully request that this Court reverse the district court on the issue of work for higher ownership or in the alternative implied license. I believe the remainder has been briefed adequately. Thank you. Roberts. Thank you, counsel. This case is submitted and this Court is adjourned for this week. This case is submitted and this Court is adjourned for this week.
judges: GRABER, Hamilton, BUMATAY